IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LISA MURPHY,
ADC #760343                                                                                    PLAINTIFF

VS.                           CASE NO. 1:07CV00030JLH/HLJ

MAGGIE CAPEL                                                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

A trial was held in this case before the Court on June 23, 2008. Following a presentation of the testimony of the parties and witnesses, and submission of exhibits, the Court enters the following findings and recommendation.

## **FACTS**

Plaintiff is a state inmate incarcerated at the McPherson Women's Unit of the Arkansas Department of Correction (ADC). She filed this action pursuant to 42 U.S.C. § 1983, alleging retaliation in violation of her constitutional rights by defendant Maggie Capel, former Deputy Warden of the Unit. Specifically, plaintiff alleges defendant denied her request to participate in the Transitional Living Program at the Unit on several occasions in retaliation for the filing of a lawsuit against defendant in 2003.

### **A. Plaintiff's Testimony**

Plaintiff testified she was originally incarcerated at the Unit in 2003, and was paroled and transferred several times until her return to the Unit in November, 2006. At the time of her return

to the Unit in 2006, plaintiff was pregnant. In 2007, plaintiff applied to participate in the Women and Children Transitional Living Program (the Program), which provides housing for inmates up to one year prior to their parole eligibility date, and permits mothers and children to live and receive treatment together. Plaintiff testified that after applying for the Program she appeared before the Classification Committee, which consists of twelve members (including defendant), on two separate occasions. Plaintiff was able to provide a specific date for only one of those meetings, March 7, 2007. She stated at the first meeting she was improperly denied participation based on an escape charge filed against her, which was previously dismissed by a state court judge. Plaintiff stated while the policy establishing the program, Administrative Directive (AD) 06-26 (hereinafter referred to as "the Policy"), denies participation to individuals who are convicted of felony escape, she was improperly denied based on the escape charge which was later dismissed. Plaintiff further stated most of the Classification Committee voted to defer her application for thirty days, with a stipulation from defendant that she refrain from "roaming the halls." However, she stated that following the Committee vote, Capel improperly noted on the Classification Form that plaintiff was denied (Plaintiff's Ex. 1).

     Following the first hearing, plaintiff stated she approached defendant and wrote defendant letters on numerous occasions, begging her to allow her participation in the program, and ceased roaming the halls. After her second meeting with the Committee, plaintiff stated the Committee voted to defer her application, knowing that she would be transferred within thirty days to the new Hawkins Women's Unit at Wrightsville. Plaintiff states Capel's motivation in refusing to approve her for the program was a lawsuit which plaintiff filed against defendant in 2003, alleging failure to protect. That suit was dismissed in 2003, prior to service of process on

defendant.

Some members of the Classification Committee also testified at the trial. Jeannie Long, who was the committee chair, stated she was not present at the first denial, and then voted to defer plaintiff's classification status at the second meeting. She did not, however, recall plaintiff's application to participate in the Program. Long admitted typing the form following the March 7, 2007 meeting, which is plaintiff's Exhibit 1. James Pratt, another committee member, testified he was present at the March 7 meeting and originally believed the committee had voted to defer plaintiff's request. After reviewing the paperwork, however, Pratt stated plaintiff's application was denied, and that it was a unanimous decision. Pratt also did not recall the conversation concerning deferring plaintiff's application for thirty days pending her decision not to roam the halls. Pratt stated he also was present at a subsequent Committee meeting on March 23, 2007, at which time plaintiff's application was deferred. He said while defendant Capel was present at both meetings, she did not influence his decision regarding plaintiff's request, and cast her vote after the rest of the Committee.  Committee member Linda Dixon, head of security at the Unit, testified plaintiff's initial request to participate in the Program was deferred by a unanimous vote, and she was not present at the second Committee meeting. Dixon stated the Policy provides that if an inmate is convicted of certain crimes she can not even be considered for the Program, and since plaintiff did not fall into any of those categories, she was permitted to meet with the Committee for consideration. According to defendant's Exhibit 14 (Policy), the Committee bases its decision on numerous criteria, several of which plaintiff did not meet, according to Dixon. While Dixon admitted a major concern for the Committee was plaintiff's history in walking away from a facility, she stated such consideration was not a violation of the

4

Policy, and was not the sole basis for their decision. She added plaintiff was unable to abide by many rules of the institution and complained to her on a daily basis. She also stated defendant did not influence her decision, and that she has, on occasion, voted in an opposite way to the defendant on certain matters.

**B. Defendant's Testimony**

Defendant Capel testified the first time she became aware of the 2003 lawsuit filed by the plaintiff was in 2008 when plaintiff's deposition was taken. She remembers plaintiff appearing before the Committee on two occasions in 2007, and further remembers denying plaintiff's initial application to participate in the Program. However, she stated after she received a letter from plaintiff asking for reconsideration (Defendant's Ex. 8), she agreed to permit plaintiff to return to the Committee to explain her need for participating in the Program. She also stated the application process for the Program consisted of several steps, the Committee meeting being one of the initial steps. If an inmate's application is approved by the Committee, it is forwarded to the Department for Human Services, the Parole Board, and then to the Program itself. Capel testified it was possible for someone to be approved for the Program through most all the steps in the process, only to be rejected at the last step.

Capel further testified plaintiff's history in walking away from the hospital was a major concern for her, as she feared plaintiff would leave the program to obtain drugs. Defendant stated this concern did not violate the Program Policy, and if plaintiff were convicted of escape, she never would have been eligible to apply for the Program or appear before the Committee.

**ISSUE/LAW**

Although an inmate does not have a federal constitutional right to participate in a

rehabilitative program, [Wishon v. Gammon, 987 F.2d 446, 449 (8th Cir. 1992)], otherwise proper acts by prison officials may be actionable under § 1983 if committed in retaliation for the exercise of a constitutionally-protected right. Madewell v. Roberts, 909 F,.2d 1203, 1206 (8th Cir. 1990), Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). In this case, plaintiff alleges defendant's motivation in denying her application to participate in the Program was in retaliation for plaintiff filing the 2003 lawsuit against defendant. While the parties dispute defendant's knowledge of the lawsuit at the time of the Committee meetings, plaintiff provides no proof to support her allegation of retaliation by defendant. Plaintiff admitted the Committee consisted of twelve members and did not refute the witnesses' testimony that the votes concerning her application were unanimous. In addition, plaintiff provides no proof that defendant exercised undue influence on the members' decisions, or that she even spoke out against plaintiff in a particular manner. Therefore, the Court finds plaintiff failed to prove her allegation of unconstitutional retaliation by a preponderance of the evidence, and that her complaint against defendant should be dismissed with prejudice.   Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendant be DISMISSED with prejudice.

IT IS SO ORDERED this 25th day of June, 2008.

_Henry L. Jones, Jr._
United States Magistrate Judge